OMAR KING (#T-59420)
California Men's Colony (East)
Highway 1, P.O. Box 8101
San Luis obispo, CA 93409
In Pro se.

FILED
CLERK, U.S. DISTRICT COURT

MAY - 2 2022

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

Received  5/2/22
            (Date)
Scanned at CMC and E-mailed
on  5/2/22  by
    (Date)        (Initials)
Number of pages scanned:
        15

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

OMAR KING,
          Plaintiff,

     v.

L. KINGSLEY, et al.,
          Defendants.

CASE No.  2:20-cv-10459-FLA (JEM)

PLAINTIFF'S REQUESTS TO FILE FIRST
AMENDED COMPLAINT PURSUANT TO COURT'S
DISMISSAL FOR FAILURE TO EXHAUST
ADMINISTRATIVE REMEDIES

Come now Plaintiff (Omar King #T-59420), a California State Prison and acting in Pro se, respectfully moves this Honourable District Court with Ex Parte Request To File First Amended Complaint (FAC) based on COurt's previous Order Dismissing Complaint for failure to exhausted Administrative Redemies alleged in Defendants L. Kingsley and N. Alcorn's Motion to Dismiss under Federal rules of Civil Procedure (F.R.Civ.P.) Rule 12(b)(6).without prejudice. (See Court's Order April 13,2022 Doc.No.36).

Plaintiff alleges that the filing of this (FAC) he has rectified the alleged deficiencies and requesting that this Civil Matter proceeds on the two claims Excessive Force (Kingsley) and Retaliation (Alcorn).

I declare under the penalty of perjury that the above stated facts are true and correct under the laws of the United States of America.

Executed on this 2nd Day of May 2022, at San Luis Obispo, California

x *Omar K. King*
Plaintiff/Declarant

FULL NAME
OMAR KING

COMMITTED NAME (if different)

FULL ADDRESS INCLUDING NAME OF INSTITUTION
California men's Colony (East)
Highway 1, P.O. box 8101
San Luis Obispo, CA 93409

PRISON NUMBER (if applicable)
(#T-59420)

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| OMAR KING,<br><br>PLAINTIFF,<br><br>v.<br><br>L. KINGSLEY,<br>N. ALCORN,<br><br>DEFENDANT(S). | CASE NUMBER 2:20-cv-10459-FLA (JEM)<br><br>FIRST AMENDED COMPLAINT *To be supplied by the Clerk*<br><br>CIVIL RIGHTS COMPLAINT<br>PURSUANT TO *(Check one)*<br>☒ 42 U.S.C. § 1983<br>☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971) |

## A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☐ Yes ☒ No

2. If your answer to "1." is yes, how many? __None__

    Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

    N/A

CV 66 (7/97)

a.  Parties to this previous lawsuit:
    Plaintiff _____ N/A _____

    Defendants _____ N/A _____

b.  Court _____ N/A _____

c.  Docket or case number _____ N/A _____

d.  Name of judge to whom case was assigned _____ N/A _____

e.  Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it
    appealed? Is it still pending?) _____ N/A _____

f.  Issues raised: _____ N/A _____
    _____
    _____

g.  Approximate date of filing lawsuit: _____ N/A _____

h.  Approximate date of disposition _____ N/A _____

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1.  Is there a grievance procedure available at the institution where the events relating to your current complaint
    occurred? ☒ Yes    ☐ No

2.  Have you filed a grievance concerning the facts relating to your current complaint? ☒ Yes    ☐ No
    If your answer is no, explain why not _____ N/A _____
    _____
    _____,_____

3.  Is the grievance procedure completed? ☒ Yes    ☐ No
    If your answer is no, explain why not _____ N/A _____
    _____

4.  Please attach copies of papers related to the grievance procedure.
    (See attached Exhibit #1)

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff _____ OMAR KING _____
                                                              (print plaintiff's name)
who presently resides at Highway 1, P.O. Box 8101, San Luis opbispo, CA 93409 ,
                                     (mailing address or place of confinement)
were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

_____ California Men's Colony (East) State Prison _____
                        (institution/city where violation occurred)

on (date or dates) __5-10-2020__ . __5-10-2020__ . _____
                   (Claim I)            (Claim II)           (Claim III)

NOTE:    You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1.   Defendant   **L. Kingsley** _____ resides or works at
            (full name of first defendant)
            **Highway 1, P.O. Box 8103, San Luis Obispo, CA 93409**
            (full address of first defendant)
            **Correctional Officer**
            (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:
**Defendant Kingsley subjected Plaintiff to unnecessary use of exces-**

**sive force due to Plaintiff's inquiry about early morning work release.**

2.   Defendant   **N. Alcorn** _____ resides or works at
            (full name of first defendant)
            **Highway 1, P.O. Box 8103, San Luis Obispo, CA 93409**
            (full address of first defendant)
            **Supervising Correctional Sergeant**
            (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:
**Defendant (Sgt) Alcorn was notified of the use of unnecessary use of excessive force Defendant Kingsley subjected Plaintiff to on 5-10-2020, and instructed her to fabricate CDC-115 Incident Report to cover up her illegal actions.**      N/A

3.   Defendant   _____ resides or works at
            (full name of first defendant)

            (full address of first defendant)

            (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:
            N/A

CV-66 (7/97)

4. Defendant _____N/A_____ resides or works at
(full name of first defendant)

_____
(full address of first defendant)

_____
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual    ☐ official capacity.

Explain how this defendant was acting under color of law:
N/A
_____

_____

5. Defendant _____N/A_____ resides or works at
(full name of first defendant)

_____
(full address of first defendant)

_____
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual    ☐ official capacity.

Explain how this defendant was acting under color of law:
N/A
_____

_____

D. CLAIMS*

CLAIM I

The following civil right has been violated:

PLAINTIFF ALLEGES THAT DEFENDANT L. KINGSLEY DID INTENTIONALLY VIOLATED HIS EIGHT AMENDMENT CONTITUTIONAL RIGHTS TO BE FREE FROM THE UNNECESSARY USE OF EXCESSIVE FORCE SUBJECTING HIM TO PEPPER SPRAY AND FABRICATING THE RULES VIOLATION REPORT TO NEGATED HER ILLEGAL ACTIONS, ACTING WITH MALICIOUS AND SADISTICAL INTENT.

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

1. Plaintiff Omar King (#T-59420), is a California State Prisoner currently confimed at California Men's Colony (CMC-East) in San Luis Obispo, California. Plaintif having filed this 42 U.S.C. Section 1983 Civil Rights Complaint against Defendants Correctional Officer L. Kingsley for unnecessary use of Pepper Spray and Supervising Correctional Sergeant N. Alcorn investigated and instruction her to falsify the Rules Violation Report acting in reprisal.

2. On 5-10-2020, after Defendant Kingsley refused the Plaintiff's request to unlock his cell door, during the early morning workers' breakfast release (which is at approximately 0630 hours) and thirty minutes prior to the general population inmates' breakfast release.

3. At the time Plaintiff requested Defendant Kingsley to un-lock his assigned cell door on 5-10-2020, Plaintiff was assigned to

(continuing page 5B)

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.

(continuing page 5A)
D. Claim II:

PLAINTIFF DO **ALLEGES**THAT DEFENDANTS L. KINGSLEY AND (SGT) ALCORN
DID INTENTIONALLY VIOLATED HIS PROTECTED FIRST AMENDMENT CONSTIT-
UTIONAL RIGHTS TO GRIEVANCE THEIR **AGENCY** FREE FROM REPRISAL ACTS
WHICH DID NOT ADVANCED ANY PENOLOGICAL INTEREST NOR INSTITUTIONAL
GOALS.

(continuing page 5A)
D. Claim II-Supporting Facts:

(See  Supra I)

5A

(continuing page 5B)
D. Claim I-Supporting facts:

Health Facility Maintenance (HFM) Crew at the CMC-East Central Hospital Building (CHB) and critical worker, due to the COVID-19 Pandemic.

4. Upon the regular breakfast release for Building#1, Plaintiff exited his assigned cell and proceeded to the third tier podium where Defendant Kingsley's Post Job Station and tried to convey to her that on Sundays Plaintiff worked on the second floor as critical worker due to the shortage of inmate workers.

5. Plaintiff reminded Defendant Kingsley that Plaintiff's Supervising Officer at the (CHB) had called Facilty A Building #1 (FAB#1) to inform Defendant Kingsley that Plaintiff was authorized to work on Sundays on the second floor due to shortage of inmate workers during the COVID-19 measured put into effect at CMC-East.

6. Defendant Kingsley was the only staffmember at (FAB#1) that consistantly harassed inmates that were scheduled for early morning workers' release.

7. However, Defendant Kingsley became very angry at the Plaintiff and in a sudden loud voice stated, "You think you can come and go out of this building whenever you feel like it!"

8. Plaintiff responded to her remark by requesting her to not yell at him, at which time Defendant Kingsley exited the poduim area and approached the Plaintiff at the top of the third tier stairs and yelled to Plaintiff, "Get out of here!"

9. Again, Plaintiff asked Defendant Kingsley, "To stop yelling at him?" at which time Defendant Kingsley withdrew her pepper spray canister from her side and pointed it towards Plaintiff's facial area as Plaintiff became fearful of being sprayed turned his back toward her and heard the Institutional Alarm System sound over the Public Announce-

5B

(continuing page 5C)

D. Claim I-Supporting Facts:

ment (PA) System.

10. Plaintiff began to feel the warmth of the pepper spray hit him on the back of his head and neck areas as he turned to asked her why was she utilizing pepper spray on him; as she continued to spray Plaintiff in his facial area too.

11. Plaintiff turned his back to Defendant Kingsley to avoid any further harm and immediately proceeded down the third tier stairs until he reached the second tier where Officer Daleeta was posted and approached Plaintiff and ordered him to stand against the second tier grill gate and place hands behind his back.

12. Plaintiff immediately complied with Officer Daleeta's instructions and placed both hands behind his back as Officer Daleeta applied the handcuffs and escorted Plaintif to Facility A Program Office and secured Plaintiff into the holding cage.

13. PLAINTIFF ALLEGES THAT DEFENDANT KINGSLEY DID INTENTIONALLY VIOLATED HIS PROTECTED EIGHTH AMENDMENT RIGHTS TO BE FREE FROM THE UNNECESSARY USE OF EXCESSIVE FORCCE WHEN SUBJECTING THE PLAINTIFF TO PEPPER SPRAY SOLELY ACTING WITH A MALICIOUS AND SADICTICAL INTENT TO CAUSE PLAINTIFF HARM AND FABRICATING THE RULES VIOLATION REPORT TO COVER UP HER ILLEGAL ACTIONS.

14. Plaintiff do alleges that Defendant Kingsley did unlawfully subjected the Plaintiff to pepper spray on 5-10-2020 due to frustration and untrained inability to relate to the inmates that were housed on the third tier in (FAB#1).

15. Shortly after Officer Daleeta placed the Plaintiff into the holding cage at Facility A Program Office, Plaintiff was interviewed by Defendant Kingsley's Supervising Correctional Sergeant N. Alcorn

5 C

(continuing page 5D)
D. Claim II-Supporting Facts:

who listened to Plaintiff's explanation of what happened between the Plaintiff and Defendant Kingsley at (FAB#1) occurring moments earlier.

16.  After Plaintiff have given his explanation to Supervising Sergeant (Sgt) Alcorn, Plaintiff further requested an Excessive Force Investigation of the incident and made Supervising (Sgt) Alcorn aware of Plaintiff's intent to file a staff complaint against Defendant Kingsley for the use of unnecessary use of force spraying Plaintiff with pepper spray for simply inquiring about an early morning critical workers' release to (CHB).

17.  Supervising (Sgt) Alcorn then informed the Plaintiff that he would have to place Plaintiff into the Administration Segregation (Ad-Seg) Housing Unit for "disrespecting" Defendant Kingsley if Plaintiff intended to pursue the staff complaint against Defendant Kingsley.

18.  Defendant Supervising (Sgt) Alcorn then exited the Facility A Program Office and Proceeded to (FAB#1) to further investigate the unnecessary use of force (pepper spray) incident with Plaintiff and Defendant Kingsley at (FAB#1).

19.  Approximately thirty minutes after Defendant Supervising (Sgt) Alcorn proceeded to (FAB#1), an Inmate Hinton approached me at the Facility A Program Office holding cage (holding cage is outside on the walkway area), told me that he heard Defendant Supervising (Sgt) Alcorn tell Defendant Kingsley that she wasn't supposed to have utilized the pepper spray on Plaintiff, so that she had to fabricated the CDCR-115 Rules Violation Report (RVR) to justify her using the pepper spray on Plaintiff.

20.  Inmate Hinton also told Plaintiff that he would testify to hearing Supervising (Sgt) Alcorn telling her to fabricate the CDCR-115

5D

(continuing page 5E)

D. <u>Claim II-Supporting Facts:</u>

(RVR) log#000000005999925  to justify her illegal use of force pepper spraying the Plaintiff.

21.  PLAINTIFF DO ALLEGES THAT DEFENDANTS L. KINGSLEY AND SUPER-VISING (SGT) N. ALCORN DID INTENTIONALLY VIOLATED PLAINTIFF'S PRO-TECTED FIRST AMENDMENT CONSTITUTIONAL RIGHTS TO GRIEVANCE THEIR AGENCY FREE FROM REPRISAL ACTS WHICH DID NOT ADVANCE ANY PENOLOGICAL INTEREST NOR INSTITUTIONAL GOALS.

22.  Plaintiff further alleges that after the incident with Defend-ant Kingsley at (FAB#1) third tier and the interview with her Supervis-ing (Sgt) Defendant Alcorn at Facility A Program office holding cage Plaintiff remained on Facility A general population housing at (FAB#2) Cell 2323.

23.  Plaintiff's continued placement on (FAB#2) general population housing after the incident with Defendant Kingsley was contrary to the Defendants Kingsley and Supervising (Sgt) Alcorns' Agency Policy per-taining to the security of involved staff and the use of force on an inmate that having been alleged to be a Institutional Security Threat to Defendant Kingsley.

24.  Its been the passed practice of the Institutionals of (CDCR) to remove the involved inmate(s) from the presence of staffmembers that utilize the use of force (physical, pepper spray, etc) from that specific Facility due to Institutional Security Measures.

25.  Plaintiff's presence being continuedly housed on (FAB#2) Cell 2323 after the alleged serious incident with Defendant Kingsley is evident that Defendant Kingsley's action subjecting the Plaintiff to the use of force (pepper spray) was inappropriate and unjustified.

26.  Plaintiff alleges that he have personally witnessed Defendant

5E

(continuing page 5F)
D. Claim II-Supporting Facts:

Kingsley engaged several other inmates at (FAB#1) housing unit in

verbal altercations due to her lack of training communicating with

inmates at (FAB#1), inappropriate behavior that has not yet been

addressed effectively by Supervising Officials at CMC-East.

27.  I declare under the penalty of perjury that the foregoing

statements above are true and correct under the Laws of the United

States of America.

28.  Executed on this __2nd__ Day of __May__ 202_2_ , at San

Luis Obispo, California.

_Omar K. King_
Omar Kahlife King (#T-59420)
Plaintiff/Declarant

5F

## E. REQUEST FOR RELIEF

I believe that I am entitled to the following specific relief:

1.  Grant the Plaintiff compensatory damages in the sum of Seventy-Five Hundred Dollars ($7,500) against each named Defendants in their individual capacity.

2.  Grant the Plaintiff punitive damages in the sum of Ten Thousand Dollars ($10,000) against each named Defendants in their individual capacity.

3.  Grant the Plaintiff nomimal damages in the sum of Two Dollars ($2,00) based on the alleged Constitutional Violations.

4.  Issue a Declaratory Judgment Statement declaring the Constitutional Rights of each involved Parties.

5.  Order the Defendants to secure all financial costs that were incurred from the filing of this civil matter.

6.  Grant the Plaintiff any and all additional costs that this Federal Court deems appropriate under the governing Statures.

May 2, 2022

_(Date)_

_Omar King_

_(Signature of Plaintiff)_

STATE OF CALIFORNIA
COUNTY OF SAN LUIS OBISPO

## PROOF OF SERVICE BY MAIL

I hereby declare that on OMAR KING _____ I filed the following document(s) with the Clerk of the Court by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully paid in the United States mail at California Men's Colony State prison:

(1) ___ **Section 1983 Civil Rights Complaint** _____

(2) ___ **Request To Proceed Without Prepayment of Filing Fees With Declaration In Support** _____

I have caused to be mailed the above document(s) to the following party(ies) and addressed as follows:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
312 North Spring Street, Room G-8
Los Angeles, CA 90012

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct, and that this declaration was executed on the date of **05-02-2022.** , at San Luis Obispo, California.

OMAR KING
Petitioner's Name

Petitioner's Signature

California Men's Colony – EAST
CDCR #T-59420/ Cell:A2-2323
P.O. Box 8101
San Luis Obispo, CA 93409-8101

**Prison Mailbox Rule:**

Under the "Prison Mailbox Rule" a prisoner's legal document is deemed filed, for statute of limitation purposes, when he hands it over to prison authorities for mailing. [Houston v. Lack (1988) 487 U.S. 266, 270; Medina v. Cregg (9th Cir. 2001) 273 F.3d 1220, 1222.] This above rule applies to prisoners filing in both federal and state courts. [Medina, 273 F.3d at p. 1223.]

STATE OF CALIFORNIA
COUNTY OF SAN LUIS OBISPO

## PROOF OF SERVICE BY MAIL

I hereby declare that on __05-02-2022__ I filed the following document(s) with the Clerk of the Court by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully paid in the United States mail at California Men's Colony State prison:

(1) __FIRST AMENDED COMPLAINT MOTION TO FILE WITH COURT.__

(2) _____

I have caused to be mailed the above document(s) to the following party(ies) and addressed as follows:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
Office of the Clerk
255 East Temple Street, Room 180
Los Angeles, CA 90012

STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE
ATTORNEY GENERAL'S OFFICE
300 S. Spring Street, Ste. 1702
Los Angeles, CA 90013

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct, and that this declaration was executed on the date of 05-02-2022 , at San Luis Obispo, California.

Omar King
_____
Petitioner's Name

*Omar K. King*
Petitioner's Signature

California Men's Colony – EAST
CDCR #-59420 / Cell A2-2326
P.O. Box 8101
San Luis Obispo, CA 93409-8101

Prison Mailbox Rule:

Under the "Prison Mailbox Rule" a prisoner's legal document is deemed filed, for statute of limitation purposes, when he hands it over to prison authorities for mailing. [*Houston v. Lack* (1983) 487 U.S. 266, 274; *Huizar v. Carey* (9th Cir. 2001) 273 F.3d 1220, 1222.] The mailbox rule applies to prisoners filing in both federal and state courts. [*Huizar*, 273 F.3d at p. 1223.]